UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PHIL D. MILLS, | CASE NO. 5:19 CV 1612 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | |
| SGT. TIM McLEOD, | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | |

**Background**

*Pro se* plaintiff Phil D. Mills, an Ohio prisoner incarcerated in the Richland Correctional Institution, has filed an *in forma pauperis* civil rights complaint in this matter against retired Akron Police Sergeant Tim McLeod under 42 U.S.C. § 1983. (Doc. No. 1.) The plaintiff was convicted in 2018 in the Summit County Court of Common Pleas of aggravated burglary, aggravated robbery, and having a weapon under a disability after a jury trial. The Ohio Court of Appeals subsequently affirmed the plaintiff's convictions, and rejected his contentions that his convictions were against the manifest weight of evidence and that he received ineffective assistance of counsel. *See State v. Mills*, No. 28953, 2019 Ohio 774 (Ohio App. 9th Dist. Mar. 6, 2019).

In this civil rights action, the plaintiff contends that Sergeant McLeod violated his constitutional rights to due process and equal protection because McLeod did not follow up on a DNA lead McLeod received in 2011 connecting the plaintiff to the burglary. (Doc. No. 1 at 4-5, 13-14.) The plaintiff asserts in purely conclusory terms that had McLeod followed up on the lead, he would have been prosecuted, and released from jail, sooner. The plaintiff asks the Court to declare that had Sergeant McLeod followed up on the lead, the prosecution against him would have commenced five years earlier than it did, and that he would have been released from prison earlier than he currently will be. (*Id.* at 6, 14.)

**Standard or Review**

Federal district courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal for failure to state claim, a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), govern dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**Discussion**

Upon review, the Court finds that the plaintiff's complaint must be summarily dismissed.

The plaintiff's allegations are purely speculative and conclusory and fail to suggest any plausible constitutional violation on the part of Sergeant Tim McCleod. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, the plaintiff's claims are not cognizable under § 1983 in any case. His claims are not cognizable insofar as a ruling on them would affect the validity of his confinement unless he shows that his convictions or sentence were reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of *habeas corpus*. *See Heck v. Humphrey*, 512 U.S. 477, 486–87(1994); *Edwards v. Balisok*, 520 U.S. 641 (1997)(claims for declaratory relief are subject to the requirements in *Heck*). Nothing in the plaintiff's complaint suggests that the plaintiff's Summit County convictions or his sentence have been called into question or invalidated in any of the ways articulated in *Heck*.

And to the extent the plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier

release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, to the extent the plaintiff is challenging his physical imprisonment or its duration, his claims are not cognizable in a civil rights action under § 1983.

## Conclusion

For the reasons stated above, the plaintiff's complaint fails to state a plausible claim under § 1983 and is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

DATED: November 15, 2019